Judge Tucker.
The appellant, a citizen of Pennsylvania, being sued by the appellees in an action of trespass, in the County Court of Accomac, was held to bail in that Court by order of a justice of that County, founded upon an affidavit made by Crippin, one of the plaintiffs in that sun, stating, that Brown was not a resident of this State, and was about to depart the same. At the succeeding Com;, Crown preferred a petition to the Court for the removii of the suit to the next Circuit Court of the United States, to i>o holtiui for this district, wherein he styles hims-df a citizen of Pennsylvania, and refers to the writ and order of bail, and offered to give security as required by ..he act of the first Congress, 1 sess. c. 20. s. 12. which the Court refused; first, because it was not shewn to them that the defendant was an alien, or a citizen of auy other State ; .md, secondly, because the deiendant was not per *178 sonally present to execute a bond, conformably to the 12th section of the act of Congress. Afterwards, application was made to the Superior Court of Accomac County, to award a mandamus to the County Court, commanding them to remove the cause, which was also refused ; and from that decision there is an appeal to this Court.
' By the act of Congress above mentioned, if a suit be commenced in any State Court against an alien, or by a citizen of the State in which the suit is brought against a citizen of another State, and the matter in dispute, exclusive of costs, exceeds 500 dollars, and the defendant shall, at the time of entering his appearance, file a petition for the removal of the cause into the next Circuit Court of the United States, to be held in the District, and offer good and sufficient surety for his entering in such Court, on the first day of its session, copies of the process against him, and also for his there appearing and entering bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the State Court to accept the security, and proceed no further in the cause.
The removal of the cause in such a case is a matter of right which ought not to be refused to any defendant, who makes out his case, and complies with the terms of the law. The order for bail endorsed on the writ, obtained on the application and oath of one of the plaintiffs, and stating that the defendant was not a native of this State, superseded the necessity of any proof of that fact to the Court, on the part of the defendant. The security offered was admitted by the Court to be good and sufficient, and ought to have been accepted. The law does not prescribe that a bond shall be taken. A person taken upon a writ of capias ad respondendum may be in close custody; and while the superior Courts of this State had jurisdiction over several, and often very remote Counties, it might have been impossible to bring the defendant before the Court during the term, to give bond in the presence of the *179 Court. In such case, the wise provision of the act of Con-gross would in ninety-nine case out of a hundred be dcfeated. A stipulation in nature of a recognisance taken in Court, (as is every day’s practice in entering special hail in the County Courts,) would have answered every purpose of the law. Both reasons for refusing the prayer of the petition were, therefore, utterly without foundation. And the refusal of the mandamus by the superior Court, appears to me to be equally against right. A mandamus is a writ of right in every case where it is the proper remedy. Being of opinion that the County Court refused to perforin a duty which was enjoined by law, a mandamus, at that stage of the cause, was the only remedy. The defendant could neither appeal, nor obtain a writ of error, or of supersedeas, until the final decision of the suit, when it might be too late. I do not know that a writ of certiorari would lie from the Circuit Court of the United States to a County Court, to remove a cause under such circumstances. But of this I have no doubt, that neither the Constitution of the United States, nor any act of Congress, does, or can, (so long as the twelfth article of the amendments to the Constitution of the United States remains in force,) deprive the superior Courts of this Commonwealth of that control over the proceedings of the inferior Courts, which the laws of this country give to them. I have therefore no doubt of the right of the Superior Court of Acco~ mac to grant the mandamus, nor that it erred in refusing it. 1 am therefore of opinion, that the judgment he reversed, and the cause sent back with directions to that Court to award the writ of mandamus.